**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 8:15-cr-494-KKM-AEP

LORIS VENZE HOWARD FORBES

_____/

**ORDER**

Defendant Forbes moves this Court to reduce his sentence under Federal Rule of Criminal Procedure 35(b). (Doc. 185). According to his motion, he "willingly gave information in regards to [two individuals] who headed the operation and paid petitioner and other crew members to transport cocaine, on November 29, 2015" and that he provided this assistance "with the understanding that this assistance would help the petitioner in his case before this Court." (Doc. 185 at 2). Forbes argues this cooperation constitutes substantial assistance. *Id.*

Even if inclined to agree (the Court makes no finding either way), the Court lacks authority to reduce Forbes's sentence. Under Rule 35(b)—per the text and precedent interpreting it—*the government* must move to reduce a prisoner's sentence. *See* Fed. R. Crim. P. 35(b)(1) ("the government's motion made within one year of sentencing") & (b)(2) ("the government's motion made more than one year after sentencing"); *United States v. Howard*, 902 F.2d 894, 897 (11th Cir. 1990) ("Both section 5K1.1 and Rule 35(b)

1

require a motion by the government before the court can reduce a sentence."); *see also United States v. Nance*, 426 F. App'x 801, 802 (11th Cir. 2011) ("As the language of the rule indicates, the district court may only reduce a defendant's sentence pursuant to Rule 35(b) upon the government's motion."). The government has not done so here, and Forbes cannot stand in its shoes. Moreover, Forbes appears to have provided the information long ago, which renders him outside of the one-year limitations period under Rule 35(b)(1).

Alternatively, even if the Court construed Forbes's motion as one to compel the government to file a motion under Rule 35(b), the Court must still deny it. "[T]he government has a power, not a duty, to file a motion when a defendant has substantially assisted." *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009). Indeed, Forbes's plea agreement explained that discretionary authority, which he acknowledged when signing it and before the Court when taking his plea. *See* (Doc. 40 at 5–6, 20 & Docs. 47, 53, 64). And the government's refusal to file a Rule 35(b) motion does not breach a plea agreement that "merely provides that the government will 'consider' filing such a motion." *United States v. Paredes*, 796 F. App'x 580, 581–82 (11th Cir. 2019) (citing *United States v. Forney*, 9 F.3d 1492, 1499–1500 & n.2 (11th Cir. 1993)). Forbes's plea agreement included that exact verb: "consider." *See* (Doc. 40 at 6 ("agrees to consider whether such cooperation qualifies as 'substantial assistance'")). Nor does Forbes allege or offer proof that the government refused to file a Rule 35(b) motion based on an unconstitutional motive. *See Paredes*, 796 F. App'x at 581–82.

Accordingly, Forbes's motion (Doc. 185) is **DENIED**.

**ORDERED** in Tampa, Florida, on July 30, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge