UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No: 8:15-cr-0494-KKM-AEP

LORIS VENZE HOWARD FORBES,

    Defendant.
_____

# ORDER

Loris Venze Howard Forbes is a federal prisoner serving a 135-month sentence for conspiracy to possess and distribute at least five kilograms of cocaine using a vessel subject to the jurisdiction of the United States. Now that he has served approximately six years of that sentence, Forbes moves for compassionate release under 18 U.S.C. § 3582 and for a reduced sentence under Federal Rule of Criminal Procedure 35. Forbes does not qualify for relief under either provision.

## I. BACKGROUND

On November 29, 2015, the United States Coast Guard disabled a fleeing go-fast vessel in the Caribbean Sea. (Doc. 40 at 18.) The Coast Guard boarded the vessel and discovered over a thousand kilograms of cocaine. (*Id.* at 19.) The Coast Guard arrested the vessel's crew, including Forbes. (*Id.*)

Following his Indictment, Forbes pleaded guilty to Count I, which charged a violation of 46 U.S.C. § 70503(a), § 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. 1 at 1–2; Doc. 40; Doc. 64.) Specifically, Forbes admitted that he conspired to "transport 5 kilograms or more of cocaine aboard a vessel subject to the jurisdiction of the United States," that the cocaine was intended for distribution, and that he was paid for his role. (Doc. 40 at 19.)

On June 10, 2016, the Honorable Elizabeth Kovachevich sentenced Forbes to 135 months imprisonment with five years of supervised release to follow. (Doc. 113.) Forbes, who was 70-years old when his motion was filed, is projected to be released in 2025.

## II. ANALYSIS

Forbes brings two attempts to reduce his sentence. He moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), (Doc. 173), and he separately moves for a reduced sentence under Rule 35(b), (Doc. 202). The government opposes both motions. (Doc. 175; Doc. 203.)

### A. Forbes is Not Entitled to Compassionate Release

District courts may modify a term of imprisonment "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). Section 3582(c)(1)(A) provides one such authorization.

To reduce a sentence under § 3582(c)(1)(A), a district court must find "extraordinary and compelling reasons" to do so. That finding must be consistent with the United States Sentencing Guideline's policy statement in § 1B1.13 and the sentencing factors in 18 U.S.C. § 3553(a).[1] *See United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). Forbes bears the burden of proving that the sentencing factors, the policy statement, and § 3582 support compassionate release. *See United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (per curiam) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)). His failure to do so for even one of these sources precludes a sentencing reduction. *See Tinker*, 14 F.4th at 1237.

An "extraordinary and compelling reason[]" for a reduced sentence under § 3582(c)(1)(A) must fit within one of four categories. *See* U.S.S.G. § 1B1.13 cmt. n.1; *see also United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021) ("[A court] may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."). Forbes's reasons here do not fit any of the categories.

The first category is a medical condition of the defendant. *See* U.S.S.G. § 1B1.13 cmt. n.1(A). A qualifying medical condition is either "a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)" or a serious condition "that substantially

---

[1] The government takes the position that Forbes complied with the exhaustion prerequisites to filing a § 3582(c)(1)(A) motion. (Doc. 175 at 7); *see also United States v. Harris*, 989 F.3d 908, 910–11 (11th Cir. 2021) (deciding that the government's failure to argue the point forfeits § 3582(c)(1)(A)'s exhaustion requirement).

3

diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover." *Id.*

Forbes fails to demonstrate that he suffers from such a condition. While Forbes checks the box indicating that he has a terminal illness, his attached medical records do not agree. Instead, the records show that Forbes suffers from chronic kidney disease, hypertension, and eye conditions such as glaucoma. (Doc. 173 at 4; Doc. 173-1 at 3.) Although substantial, these conditions are not "serious and advanced illness[es] with an end of life trajectory." U.S.S.G. § 1B1.13 cmt. n.1(A); *see United States v. Harris*, 989 F.3d 908, 910 (11th Cir. 2021) (affirming denial of compassionate release despite the defendant's glaucoma and hypertension); *United States v. Florez-Montano*, 849 F. App'x 894, 895 (11th Cir. 2021) (per curiam) (affirming denial of compassionate release because the defendant's records did not show his kidney disease was terminal).

Forbes advances nothing to the contrary. He does not argue that these conditions "substantially diminish[]" his ability to care for himself within the prison or that he is "not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Nor does he present documents to support that finding. *See United States v. Lawson*, No. 21-10402, 2022 WL 152512, at *2 (11th Cir. Jan. 18, 2022) (citing the lack of evidence that a defendant's condition diminished self-care). Instead, his records reflect that he is receiving treatment while incarcerated. (Doc. 173-1 at 3.)

4

Forbes fares no better with the remaining categories. Forbes does not fit within the second category because he has not served at least 10 years or 75 percent of his term of imprisonment. *See* U.S.S.G. § 1B1.13 cmt. n.1(B). He does not qualify for the third category because he offers no evidence or specific allegations that his spouse is incapacitated or that he is the only caregiver available to her. *See* U.S.S.G. § 1B1.13 cmt. n.1(C); (Doc. 173 at 5). And the last category does not apply because the Bureau of Prisons has not determined that Forbes has an extraordinary and compelling reason for release. *See* U.S.S.G. § 1B1.13 cmt. n.1(D); *Bryant*, 996 F.3d at 1248.

Even if Forbes shows a qualifying reason for release, he must also show that he would not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2); *see United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021). Relevant factors include (1) the nature of the offense, including whether it involved a controlled substance; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger from the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court cannot find that Forbes would not pose a danger. Forbes held a vital role in a drug trafficking operation that utilized a go-fast vessel to transport more than 1,000 kilograms of cocaine. The vessel fled from the Coast Guard and stopped only when the Coast Guard disabled its engines by firing upon it. And Forbes "does not allege or provide

documentation demonstrating that he would not be a danger to the community if released." *United States v. Torres-Pineda*, No. 8:14-cr-63, 2021 WL 3684131, at *3 (M.D. Fla. July 30, 2021) (Bucklew, J.) (denying compassionate release in a similar case involving a go-fast vessel). Without contrary argument or evidence, Forbes's offense—particularly the sophisticated operation, drug quantity, and flight from law enforcement—suggests that he may endanger the public if released.

Finally, the sentencing factors do not support a different result. The nature and seriousness of Forbes's offense and the need to provide adequate deterrence and to protect the public all counsel against compassionate release. *See* 18 U.S.C. § 3553(a).

All in all, Forbes fails to carry his burden for compassionate release. He has not shown extraordinary and compelling reasons for release, that he would not be a danger if released, or that the sentencing factors support release.

B. **Forbes is Not Entitled to a Reduced Sentence**

Forbes also argues that he offered the government substantial assistance under the terms of his plea agreement, and so he moves for a reduced sentence. (Doc. 202; Doc. 204 at 2.) He has lodged the same request before. (Doc. 185.) As explained in response to his prior motion, even if Forbes substantially assisted the government, "the Court lacks authority to reduce Forbes's sentence." *United States v. Forbes*, No. 8:15-cr-494, 2021 WL 3268975, at *1 (M.D. Fla. July 30, 2021) (Mizelle, J.). The government itself must move

6

to reduce his sentence. *See* FED. R. CRIM. P. 35(b)(1); *United States v. Howard*, 902 F.2d 894, 897 (11th Cir. 1990).

### III. CONCLUSION

For these reasons, Forbes's Motion for Compassionate Release, (Doc. 173), and his Motion for Resentencing, (Doc. 202), are **DENIED**.

**ORDERED** in Tampa, Florida, on July 2, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

7